UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KAAREN TEUBER, et al. § | |
| § | |
| Plaintiffs § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 11-CA-00059 |
| STATE OF TEXAS, et al. § | |
| § | |
| Defendants § | |
| § | |
| MEXICAN AMERICAN LEGISLATIVE § | |
| CAUCUS, TEXAS HOUSE OF § | |
| REPRESENTATIVES (MALC) § | |
| Intervenor/Third Party Defendant § | |

## MOTION TO INTERVENE

Plaintiffs in this case challenge the use of total population figures in the redistricting of United States House of Representatives, State Senate, State House of Representatives, and State Board of Education of Texas.  Texas, over the decades, has used total population as determined by the most recently conducted federal census to draw new lines for its congressional, state legislative and State Board of Education districts. Its use of total population is grounded upon the requirements of the United States Constitution, the Texas Constitution, and rulings from both federal and state courts. The Mexican American Legislative Caucus, Texas House of Representatives, (hereinafter "MALC") seeks intervention to protect its interests and insure that the Texas redistricting process is done in a manner that is fair and consistent with the Constitutional and statutory protections provided to Latino voters of Texas.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 24 (c), this motion to intervene is accompanied by a motion to dismiss setting out the claims or defenses for which intervention is sought. Intervenor contends that this action is premature, and is contrary to well established precedent mandating the use of total population figures for redistricting purposes.

MALC's intervention request meets all the prerequisites for intervention as a matter of right: the request for intervention is timely; the rights at stake are directly implicated by claims of the Plaintiffs; MALC cannot effectively protect its fundamental right to insure a fair and unbiased redistricting for Latino voters of Texas unless it is part of this action; and the Texas Attorney General has been adverse to the interests advocated by the intervenor in matters of redistricting and therefore cannot adequately represent the interests of the intervenor.  The similar, related prerequisites for permissive intervention have also been met.  Accordingly, MALC seeks intervention in this suit as a matter of right or, alternatively, requests that the Court grant permissive intervention.

## FACTUAL BACKGROUND

### A. The Mexican American Legislative Caucus, Texas House of Representatives

The Mexican American Legislative Caucus, Texas House of Representatives is the nation's oldest and largest Latino legislative caucus.  The Caucus is a non-profit organization established to serve the members of the Texas House of Representatives and their staffs in matters of interest to the Mexican American community of this State, in order to form a strong and cohesive voice on those matters in the legislative process, including redistricting.  Many of its members are elected from and represent constituencies in majority Latino districts and many of its members are Latino.

### B. Procedural Posture

As of the filing of this action by the Plaintiffs, the Census had not released the official 2010 census data to the State of Texas for redistricting.[2] Moreover, the State of Texas has not had an opportunity to draw any plans for any of the legislative bodies,

---

[2] The Census Bureau only recently delivered the redistricting data to the State of Texas on February 17, 2011.

2

congressional or education districts. Since the official census data was only recently released and the number of undocumented persons is not included in the data, and since the State has only now begun its process for redistricting, Plaintiffs' allegations regarding the potential dilutive impact of including undocumented persons in the redistricting population totals are premature and not ripe for judicial adjudication.

Moreover, since Texas has not had an opportunity to redistrict, Plaintiffs claims of impermissible population deviations similarly is premature.

The Supreme Court has characterized ripeness as "peculiarly a question of timing." *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974). Ripeness concerns not only whether a court *can* act (limits on judicial power) but also whether it *should* act (prudential reasons for refusing to exercise jurisdiction). *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725, 733 n.7 (1997); *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 57, n. 18. "A claim is not ripe for adjudication if it rests upon contingent future events that may or may not occur as anticipated." *Texas v. United States* 523 U.S. 296, 300 (1998). In the redistricting cycle ten years ago the issue of when a redistricting case becomes ripe was squarely addressed by three different United States District Courts, all with the same conclusion: a redistricting case does not become ripe until the legislature has had an opportunity to act. *Mayfield v. Texas,* 206 F. Supp. 820, 823-24, (E.D. Tex. 2001); *Lee v. Texas*, No. 6:01-CV-98 (E.D. Tex. Order filed April 26, 2001); *Associated Republicans of Texas v. Texas*, No. W01-CA-083 (W.D. Tex., Order filed March 9, 2001). Nor may the case be abated to allow for events to make it ripe. The case simply cannot become ripe if the dispute was not ripe when the motion to dismiss was heard. *Barlderas v. Texas*, No. 6:01-CV-158 (E.D. Tex., Order

filed July 23, 2001); *Mayfield*, 206 F. Supp. at 826; *Manley v. Texas*, No. 6:01-CV-231 (E.D. Tex., order filed July 23, 2001). For these reasons the lawsuit should be dismissed.

Finally, the legal authority on ripeness in redistricting cases is not new but is well-established. The premature filing of this action can be considered frivolous and Plaintiffs should be sanctioned. If allowed to intervene MALC would press these issues.

### C. Potential Impact of this Litigation

Courts in Texas have determined that the use of population data other than total population as determined by the decennial census has a discriminatory effect on Hispanic voters. *See: Terrazas v. Clements*, 581 F. Supp. 1319, 1328, (N.D. Tex. 1983)(Court found that use of electors rather than total population diluted the voting strength of racial and ethnic minorities in violation of the 14th and 15th Amendments to the United States Constitution). The Plaintiffs in this action allege that a redistricting of Texas legislative, congressional, and education districts based on total population would unconstitutionally favor "Hispanic" residents of Texas. However, historically districting plans in Texas have disadvantaged Latino voters, even while using total census population figures. *See: White v. Register*, 412 U.S.755 (1973*); Terrazas v. Clements*, 537 F. Supp. 514 (N.D. Tex. 1982); *Texas v. United States*, 785 F. Supp. 201 (D.D.C. 1992); *LULAC v. Perry*, 548 U.S. 399 (2006). If allowed to intervene MALC would show that any modification of the redistricting data for consideration of citizenship or voter eligibility in calculating compliance with the principle of one person one vote, would result in a dilution of Latino voting strength.

## ARGUMENT

### I. Intervention Is Proper as a Matter of Right

Intervenor, MALC, requests intervention as a matter of right under Federal Rule of Civil Procedure 24 (a). Intervention as of right should be granted when the following four requirements are met: (1) the applicant for intervention is timely; (2) the applicant has an interest to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interests are inadequately represented by the existing parties to the suit. *New Orleans Public Service, Inc. v. United Gas and Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984)(en banc). Intervention as a matter of right involves a "flexible" inquiry, "which focuses on the particular facts and circumstances surrounding each application [for intervention]". *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir. 1996) (internal quotation marks, ellipses, and brackets omitted). Accordingly, "intervention of right must be measured by a practical rather than technical yardstick." *Id.*

### A. The Intervention is Timely

MALC's intervention is timely because it acted with all practicable speed after it learned, mere days ago, that the Plaintiffs had filed this action. This action was just filed on February 10, 2011, no answer has been filed by the named Defendants, no hearings have been held and no discovery has been conducted.

Timeliness is a flexible requirement that varies from case to case. *See McDonald v. E.J. Lavino Co.* 430 F.2d 1065, 1074 (5th Cir. 1970). Thus "[t]imeliness of intervention depends on a review of all the circumstances, and the Fifth Circuit has identified four factors to consider: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from intervenor's

failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; (4) the existence of unusual circumstances." *Trans Chemical Ltd. v. China Nat. Machinery Import & Export Co.*, 332 F3d 815, 822 (5th Cir. 2003).

### 1. MALC Prepared for and Filed it Intervention Motion Within Days of the Filing of this Action

This action was filed on February 10, 2011. After receiving notice of the action MALC moved with all due speed in reviewing the pleadings, conferring with counsel and preparing the pleadings for intervention. Under the facts of this case the motion of MALC to intervene is timely.

### 2. Intervention Will Not Prejudice the Plaintiffs

The Plaintiffs will not suffer any prejudice as a result of the request for intervention. The lawsuit was only recently filed. No answers or discovery have yet been filed. No motions or hearing have yet been heard in this case.  The case is at its inception. The Plaintiffs can not claim prejudice under these circumstances.

### 3. MALC Will Suffer Significant Prejudice If Intervention is Denied

MALC will suffer significant harm if intervention is not permitted. The allegations of the Plaintiffs implicate the civil rights of Latinos.  If the State is required to redistrict with population that under values the growth of the Latino population, MALC will be substantially impaired in its ability to insure that redistricting legislation treats Latinos fairly.

### 4. No Unusual Circumstances Exist that Would Militate Against Intervention.

MALC knows of no circumstances that would operate to work against its intervention.

### B.   MALC Has A Substantial and Legally Protected Interest in the Case That It Cannot Protect Without Intervention and Is Inadequately Protected by the Named Defendants

MALC has a substantial and legally protectable interest that the law recognizes in the matters raised by this action.  The Voting Rights Act specifically prohibits discrimination against Latinos in voting. 42 U.S.C. § 1973 *et seq.*  Moreover the courts have recognized that redistricting plans can be drawn in such a fashion as to dilute the voting strength of Latino voters. *See LULAC v. Perry,* 548 U.S. 399 (2006).  More specifically, the courts have ruled in at least one case that the modification of the latest decennial census account for those not eligible to vote would dilute the vote of Latino voters.  *Terrazas v. Clements*, 581 F. Supp. 1319, 1328, (W.D. Tex. 1983).  *See also: Garza v. Los Angeles County*,  918 F.2d 763 (9th Cir. 1990). These are the very rights MALC seeks to vindicate in its participation in this action.

Nor can MALC protect these rights unless granted intervention.  The precise issues that MALC seeks to protect are under attack in this case.  Plaintiffs have alleged that use of the census, upon publication "…might have the purpose and effect of strengthening the Hispanic vote, and if so this practice could violate the equal protection and due process guarantees of the Fourteenth Amendment and Fifteenth Amendment to the United States Constitution …." .  Accordingly, intervention provides the only mechanism for MALC to effectively challenge Plaintiffs' interpretation of the Equal Protection and Due Process Clauses that serve to exclude undocumented persons from the redistricting of the State's electoral districts.  Only by intervention can MALC vindicate the rights of Latinos.

In addition, the Texas Attorney General has consistently defended Texas redistricting enactments that were found to discriminate against minority voters including Latinos. *White v. Register*, 412 U.S.755 (1973*); Terrazas v. Clements*, 537 F. Supp. 514 (N.D. Tex. 1982); *Texas v. United States*, 785 F. Supp. 201 (D.D.C. 1992); *LULAC v. Perry*, 548 U.S. 399 (2006). Of the parties to this action MALC is the only party willing and able to protect its interests and the interests of Latinos.

## II. ALTERNATIVELY, MALC SHOULD BE ALLOWED TO PERMISSIVELY INTERVENE

Alternatively, MALC satisfies the requirements for this Court to permit it to intervene. Permissive intervention, which is a matter of discretion for the Court, is appropriate when the intervention is timely, the intervenor's "claim or defense and the main action have a question of law or fact in common," and granting the intervention will not unduly delay or prejudice the original parties in the case. Fed. R. Civ. P. 24(b)(2).

As discussed above MALC's request for intervention is timely. The requirement for permissive intervention, that "an applicant's claim or defense and the main action have a question of law or fact in common," is likewise readily satisfied in these circumstances. The goal of this action is contrary to the interests of Latinos. This case alleges that failure to exclude the undocumented population from the redistricting process will bestow an unconstitutional advantage in favor of Latino voters. However the Plaintiffs' argument in fact risks diluting Latino voting strength. Finally, as discussed above, granting the intervention will not delay or prejudice the parties to this action since the case is at its beginning and no action other than the filing has taken place. Therefore, if this Court does not grant intervention as a matter of right, the Court should grant MALC's request for permissive intervention.

**CONCLUSION**

For the foregoing reasons, intervention should be granted as a matter of right, or, in the alternative, on a permissive basis.

DATED:   February 22, 2011          Respectfully submitted,.

                                                      JOSE GARZA
                                                     LAW OFFICE OF JOSE GARZ
                                                     7414 Robin Rest Dr.
                                                     San Antonio, Texas
                                                     210-392-2856
                                                     garzpalm@aol.com

                                                     /s/ Jose Garza_____
                                                     Jose Garza

**CERTIFICATE OF SERVICE**

I certify that on February 22, 2011, a copy of Intervenor's motion to intervene and proposed motion to dismiss was filed electronically with the United States District Court for the Eastern District of Texas, Sherman Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent to the following counsel of record for the Plaintiffs:

    Michael S. Hull,
    221 West 6th Street, Suite 960,
    Austin, Texas 78701-3407,
    mhull@hhm-llp.com

A copy of said motion and proposed motion were also served on the above listed counsel of record by certified United States mail.

I further certify that on February 22, 2011 personal service of a copy of Intervenor's motion to intervene and proposed motion to dismiss was prepared for the following Defendants:

    Defendants: State of Texas; Hon. Rick Perry, Governor of the State of Texas; Hon. Hope Andrade, Texas Secretary of State; Hon. David Dewhurst, Lt. Governor of the State of Texas; and Hon. Joe Straus, Speaker, Texas House of Representatives may be served by delivering a copy of the Intervenor's Motion to Intervene and Intervenor's Proposed Motion to Dismiss on the chief executive

officer of the State through the Texas Secretary of State at P.O. Box 12887; Austin, Texas 78711-2887.

Defendant Boyd Richie, Chairman, Texas Democratic Party
may be served by delivering a copy of the Intervenor's Motion to Intervene and Intervenor's Proposed Motion to Dismiss at 505 West 12th Street, Suite 200; Austin, Texas 78701

Steve Munisteri, Chairman, Texas Republican Party
may be served by delivering a copy of the Intervenor's Motion to Intervene and Intervenor's Proposed Motion to Dismiss at 1108 Lavaca, Suite 500; Austin, Texas 78701.

Hon. Gary Locke, United States Secretary of Commerce
may be served by delivering a copy of the Intervenor's Motion to Intervene and Intervenor's Proposed Motion to Dismiss at John M. Bales at U.S.Attorney's Office, Eastern District of Texas, 110 North College, Suite 700, Tyler, Texas 75702; The U.S. Attorney General at Department of Justice, 950 Pennsylvania Avenue N.W., Washington, D.C. 20530; and Gary Locke at U.S. Department of Commerce,Herbert C. Hoover Building, 14th & Constitution Avenue N.W., Mail Stop 5875 HCHB,
Washington, D.C. 20230

Hon. Robert Groves, Director, United States Bureau of Census
may be served by delivering a copy of the Intervenor's Motion to Intervene and Intervenor's Proposed Motion to Dismiss to Defendant Groves may be served by delivering a copy of the summons and the complaint to John M. Bales at U.S. Attorney's Office, Eastern District of Texas, 110 North College, Suite 700, Tyler, Texas 75702; The U.S. Attorney General at Department of Justice, 950 Pennsylvania Avenue N.W., Washington, D.C. 20530; and Robert Groves at U.S. Census Bureau, 4600 Silver Hill Road, Washington D.C. 20233

/s/ Jose Garza_____
Jose Garza

**CERTIFICATE OF CONFERENCE**

I hereby certify that the conference required by Local Rule CV 7, for the Eastern District of Texas was held on February 22, 2011 and counsel for the Plaintiffs, Mr. Michael Hull has indicated that Plaintiffs do not oppose this Motion to Intervene.

/s/ Jose Garza_____
Jose Garza