**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KAAREN TEUBER, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | **CIVIL ACTION NO.** |
| v. | § | 11-CV-00059 RAS |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| *Defendants*. | § | |

**NOTICE OF COLLATERAL PROCEEDINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants the State of Texas, Rick Perry, David Dewhurst, Joe Straus, and Hope Andrade, pursuant to Local Rule CV-42(a), respectfully submit this Notice of Collateral Proceedings identifying and describing all pending Texas redistricting cases.

**A.   REDISTRICTING CASES PENDING IN FEDERAL COURT**

**1.   *Teuber, et al. v. Texas, et al.*, Cause No. 4:11-cv-59 (E.D. Tex., filed Feb. 10, 2011).**

This case includes a challenge to the use of unadjusted census data for redistricting, a constitutional and Voting Rights Act challenge to the recently enacted redistricting plans for the Texas House and Senate, and a congressional redistricting claim seeking a court-ordered redistricting plan. The plaintiffs are Kaaren Teuber, a registered voter in Grayson County; and Jim K. Burg and Ricky L. Grunden, both registered voters in Denton County. The defendants are the State of Texas, Governor Rick Perry, Lieutenant Governor David Dewhurst, Texas House Speaker Joe Straus, Texas Secretary of State Hope Andrade, Texas Democratic Party Chair Boyd Richie, Texas Republican Party Chair Steve Munisteri, U.S. Secretary of Commerce Gary Locke, and U.S. Census Bureau Director Robert Groves. Intervenor is Mexican American Legislative Caucus.

The plaintiffs claim that the use of unadjusted Census for reapportionment and redistricting violates the Fourteenth and Fifteenth Amendments, Section 2 of the Voting Rights Act, and the Texas Constitution.  Their central allegation is that the inclusion of undocumented immigrants in the Census population unlawfully strengthens the votes of persons who reside in electoral districts with large undocumented immigrant populations.

In their First Amended Complaint, the plaintiffs seek declaratory and injunctive relief against the use of existing electoral districts; a declaratory judgment that redistricting based on unadjusted census data violates federal law; injunctive relief against the use of unadjusted census population data to draw new congressional, House, Senate, and State Board of Education districts; and a judgment ordering the state or federal defendants to adjust the 2010 census population data.  In their First Supplemental Complaint, the plaintiffs allege that the redistricting plans for the Texas House and Senate violate the U.S. Constitution and Sections 2 and 5 of the Voting Rights Act because they are based on defective population data.  They also allege that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan, and the existing districts violate the U.S. Constitution and Sections 2 and 5 of the Voting Rights Act.

The plaintiffs have served all defendants except Steve Munisteri, Gary Locke, and Robert Groves.  Mexican American Legislative Caucus's motion to intervene was granted on March 29, 2011.  The State Defendants and Boyd Richie filed separate motions to dismiss for lack of subject matter jurisdiction and failure to state a claim.  On June 16, 2011, Defendants Locke and Groves filed a motion to dismiss pursuant to Rule 12(b)(5).  On June 22, 2011, the court granted Plaintiffs' motions for leave to amend and supplement their complaint and denied the State Defendants and Mr. Richie's motions to dismiss as moot.

Counsel for the State Defendants, Mr. Richie, the Federal Defendants, and MALC appeared for a status conference on June 23, 2011 to discuss other pending redistricting cases, the need to convene a three-judge court under 28 U.S.C. § 2284, and the proposed scheduling order. Plaintiffs' counsel stated that the plaintiffs intended to dismiss their claims against Defendants Locke, Groves, and Munisteri. On June 24, 2011, the court entered a scheduling order setting the case for final pretrial conference on December 5, 2011.

**2.** ***Mexican American Legislative Caucus v. Texas, et al.*, Cause No. 7:11-cv-144 (S.D. Tex., filed April 5, 2011).**

Plaintiff is MALC. Defendants are the State of Texas, Governor Rick Perry, Lieutenant Governor David Dewhurst, and Texas House Speaker Joe Straus.

The plaintiff filed its original petition on April 5, 2011 in the 139th District Court of Hidalgo County. The case was removed to the United States District Court for the Southern District of Texas, McAllen Division, on May 13, 2011.

MALC alleges that the 2010 Census data is defective because the Census undercounted Latinos in Texas by as much as four to eight percent. It complains that the use of Census data to draw congressional, Texas House, Texas Senate, and State Board of Education districts discriminates against Latino voters by undervaluing Latinos and limiting the number of Latino-majority electoral districts. MALC also alleges that the existing congressional, House, Senate, and SBOE districts violated the one-person, one-vote principle.

MALC seeks the following relief: (1) a declaratory judgment that the defendants are violating the "Plaintiffs' fundamental voting rights" under the Texas Constitution; (2) an injunction against the use of any redistricting plan that does not "account for the undercount of Latinos"; and (3) an order directing the defendants to conduct a special election under a court-

approved plan that accounts for the undercount of Latinos and guarantees minorities an equal opportunity to elect candidates of their choice.

The current issue is whether the district court has subject matter jurisdiction over the case.  The plaintiff filed a motion to remand on June 2, 2011.  The defendants responded on June 22, 2011.  The court has set an initial pretrial and scheduling conference on August 3, 2011.  The State Defendants believe that this case may also be ripe for transfer to the Western District of Texas, where MALC has filed a lawsuit raising identical claims.

3. ***Perez, et al. v. Texas, et al.***, **No. 5:11-cv-360-OLG-JES-XR (W.D. Tex., filed May 9, 2011).**

The plaintiffs are Shannon Perez, a citizen and registered voter of Bexar County; Harold Dutton, Jr., a citizen and registered voter of Harris County and a member of the Texas House of Representatives representing the 142nd legislative district; and Gregory Tamez, a citizen and registered voter of Bexar County.  The defendants are the State of Texas, Governor Rick Perry, Lieutenant Governor David Dewhurst, Texas House Speaker Joe Straus, and Texas Secretary of State Hope Andrade.

The plaintiffs presently assert the following claims: (1) the practice of counting prisoners as residents of the county in which they are incarcerated violates state and/or federal law but irrespective of whether it violates either, it results in excessive population deviation among the House and congressional districts in violation of the Fourteenth Amendment and operates to deprive urban dwellers of equal representation; and (2) the Texas House redistricting plan as enacted is a political gerrymander which, under the Supreme Court decision in *Cox v. Larios*, 542 U.S. 947 (2004), operates to deny the State the 10% safe harbor historically accorded state redistricting plans, and the plan contains excessive deviation which is not the product of a good faith effort to achieve population equality, all in violation of the Fourteenth Amendment.

The plaintiffs filed their First Amended Complaint on May 31, 2011.  On June 14, 2011, the defendants filed a motion to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6).  On June 17, 2011, the plaintiffs filed a motion for leave to amend their complaint, which was granted the same day.  The plaintiffs filed a response in opposition to the defendants' Motion to Dismiss the First Amended Complaint on June 24, 2011.  The current issues are whether the Court has subject matter jurisdiction over the plaintiffs' claims and whether the plaintiffs have stated cognizable claims for relief.

**4.** ***Mexican American Legislative Caucus v. Texas, et al.*, No. 5:11-cv-361-OLG-JES-XR (W.D. Tex., filed May 9, 2011).**

The plaintiff is the Mexican American Legislative Caucus, Texas House of Representatives (MALC).  The defendants are the State of Texas, Governor Rick Perry, Lieutenant Governor David Dewhurst, and Texas House Speaker Joe Straus.  The defendants have been served.  LULAC moved to intervene on June 20, 2011.

In their First Amended Complaint, filed on May 31, 2011, the plaintiffs assert the following claims: (1) the use of unadjusted 2010 Census population data to draw new electoral districts for the Texas House of Representatives violates Section 2 of the Voting Rights Act because the Census undercounted the Latino population; (2) the Texas House redistricting plan contains excessive population deviations in violation of the Equal Protection Clause principle of one person, one vote; (3) the Texas House redistricting plan has a discriminatory purpose and effect in violation of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments; (4) the current Texas House and congressional districts violate the principle of one person, one vote under the Equal Protection Clause; (5) the Texas House redistricting plan violates Section 5 of the Voting Rights Act; and (6) the practice of holding statewide elections for members of the Texas Railroad Commission violates Section 2 of the Voting Rights Act.

The current issues are whether the Court has subject matter jurisdiction over the plaintiffs' claims and whether the plaintiffs have stated cognizable claims for relief.

   5.  ***Rodriguez, et al. v. Texas, et al.*, No. 1:11-cv-451-LY (W.D. Tex., filed May 30, 2011).**

This is a congressional redistricting claim. The plaintiffs are Travis County; the City of Austin; State Representative Eddie Rodriguez, Milton Gerard Washington, and Bruce Elfant, of Austin, Texas; Alex Serna and Sandra Serna of El Paso, Texas; Betty F. Lopez, David Gonzalez, and Beatrice Saloma, of San Antonio, Texas; and Jose Norberto Rivera of Houston, Texas. The defendants are the State of Texas, Governor Rick Perry, Lieutenant Governor David Dewhurst, Texas House Speaker Joe Straus, Texas Secretary of State Hope Andrade, Texas Democratic Party Chair Boyd Richie, and Texas Republican Party Chair Steve Munisteri.

The plaintiffs allege that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan and that the existing congressional districts are malapportioned in violation of Article I section 2 of the United States Constitution. They seek declaratory relief invalidating the existing congressional districts and an injunction creating a new congressional redistricting plan.

All defendants have been served or appeared through counsel. The plaintiffs have requested appointment of a three-judge court pursuant to 28 U.S.C. § 2284. The court held a status conference on June 20, 2011. On June 24, 2011, the court entered an Agreed Order Regarding Preliminary Schedule, which abated all requirements of Rule 26 and the local rules until further order, stated that the plaintiffs shall file an amended complaint after a congressional redistricting plan is adopted, and extended the answer deadline to 20 days after the filing of the amended complaint. On June 27, 2011, the parties filed briefs addressing the applicability of Perry v. Del Rio in the event a redistricting plan is adopted, whether Perry v. Del Rio constitutes

substantive or procedural law, and the extent to which a single district judge can act before a three-judge panel is convened.  Responsive briefs are due on June 29, 2011.

      **6.** ***Morris v. State of Texas, et al.*, No. 4:11-cv-2244 (S.D. Tex., filed June 15, 2011).**

      This is a constitutional challenge to the Second Congressional District as redrawn by the Legislature.  The plaintiff is John T. Morris, pro se, a registered voter in Harris County, Texas.  The defendants are the State of Texas, Rick Perry, David Dewhurst, Joe Straus, and Hope Andrade.

      Mr. Morris complains that by redrawing Congressional District 2 to include more Republican voters and eliminate residents of Liberty and Jefferson Counties, the Texas Legislature interfered with his and fellow constituents' ability to effectively evaluate the performance of their congressman, thus violating the purpose of frequent elections under Article I, § 2 of the U.S. Constitution and abridging his right to an effective political voice.  He claims that the proposed congressional redistricting plan violates his First Amendment right of political speech, his First Amendment right to a fair and effective vote, and Article I, § 2 of the United States Constitution.  Mr. Morris asks the court to appoint a three-judge court and enjoin the State from changing the boundaries of the Second Congressional District any more than necessary to accommodate the four new congressional seats apportioned to Texas after the 2010 Census.

      Mr. Morris has requested waiver of service from the defendants.  No responsive pleading has been filed.  The current issues are whether Mr. Morris has standing and whether his case requires a three-judge court.

**7.** ***Texas Latino Redistricting Task Force, et al. v. Perry***, **No. 5:11-cv-490-OLG-JES-XR (W.D. Tex., filed June 17, 2011).**

Plaintiffs are the Texas Latino Redistricting Task Force, an unincorporated association, and individual registered voters in Corpus Christi, Fort Worth, Louise, and San Antonio. The defendant is Governor Rick Perry. Governor Perry has not been served.

The plaintiffs claim that the existing congressional and Texas House districts are malapportioned in violation of the Fourteenth Amendment and that they dilute Latino citizens' votes in violation of Section 2 of the Voting Rights Act. They also allege that the Texas House Redistricting plan cannot be implemented until it is precleared pursuant to Section 5 of the Voting Rights Act.

The plaintiffs ask the Court to set a deadline for the state to correct the deficiencies in the existing congressional and House districts and, if the state fails to act, to draw new districts. The only issue raised by the existing pleading is whether the plaintiffs have invoked the Court's subject matter jurisdiction.

## B.  REDISTRICTING CASES PENDING IN STATE COURT

**1.** ***Teuber, et al. v. Texas, et al.***, **No. CV-11-270, in the 397th District Court of Grayson County, Texas, filed February 16, 2011.**

This case includes a challenge to the use of unadjusted census data for redistricting, a challenge to the recently enacted redistricting plans for the Texas House and Senate, and a congressional redistricting claim seeking a court-ordered redistricting plan. The plaintiffs are individual registered voters in Denton and Grayson Counties. The defendants are the State of Texas, Rick Perry, David Dewhurst, Joe Straus, Hope Andrade, Boyd Richie, Steve Munisteri, Gary Locke, and Robert Groves. An amended complaint was filed on June 1, 2011. The Texas defendants accepted service on June 13, 2011. The remaining defendants have not been served.

The plaintiffs' central allegation is that the inclusion of undocumented immigrants in the Census population unlawfully strengthens the votes of persons who reside in electoral districts with large undocumented alien populations and, as a result, dilutes the votes of persons who live in electoral districts with small undocumented alien populations.   In their First Amended Petition, the plaintiffs seek declaratory and injunctive relief against the use of existing electoral districts; a declaratory judgment that redistricting based on unadjusted census data violates federal law; injunctive relief against the use of unadjusted census population data to draw new congressional, House, Senate, and State Board of Education districts; and a judgment ordering the State or Federal Defendants to adjust the 2010 Census population.   In their First Supplemental Pleading, the plaintiffs allege that the redistricting plans for the Texas House and Senate violate the U.S. Constitution and Sections 2 and 5 of the Voting Rights Act because they are based on defective population data.  They also allege that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan, and the existing districts violate the U.S. Constitution and Sections 2 and 5 of the Voting Rights Act.

**2.**  *Barton, et al. v. Texas, et al.*, **No. 11-20238-CV, in the 13th District Court of Navarro County, Texas, filed May 22, 2011.**

This is a congressional redistricting case.   The plaintiffs are Joe Barton, U.S. Representative for the Sixth Congressional District of Texas; Frank Steed, Chairman of the Navarro County Republican Party; and Charles Washburn, a registered voter in Navarro County. The defendants are the State of Texas and Hope Andrade.

The plaintiffs allege that the Texas Legislature failed to enact a congressional redistricting plan and that the existing congressional districts are malapportioned in violation of Article I sections 3, 3a, 19, and 29, and Article III section 26 of the Texas Constitution.  They

seek declaratory relief invalidating the existing congressional districts and an injunction creating a new congressional redistricting plan.

The defendants were served on May 26, 2011. The plaintiffs filed an amended petition on May 30, 2011. The defendants filed an answer and general denial on June 17, 2011.

**3.  *Washburn v. Texas, et al.*, No. CV 110921, in the 397th District Court of Grayson County, Texas, filed May 26, 2011.**

This case includes a challenge to the State Board of Education redistricting plan and a congressional redistricting claim. The plaintiff is Mark Washburn, a registered voter in Grayson County. The defendants are the State of Texas and Hope Andrade.

In his amended petition, filed on May 30, 2011, the plaintiff alleges that the redistricting plan for the State Board of Education contains excessive population deviations between districts in violation of the Texas Constitution. The plaintiff also alleges that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan and that the existing congressional districts are malapportioned in violation of Article I sections 3, 3a, 19, and 29, and Article III section 26 of the Texas Constitution.

The plaintiff asks the court to enter a declaratory judgment concerning the existing congressional districts and the newly enacted SBOE districts and to draw new congressional districts consistent with the Texas Constitution.

The defendants were served on June 13, 2011. Their answer is due on July 5, 2011.

**4.  *Barton, et al. v. Texas, et al.*, No. 11-20263-CV, in the 13th District Court of Navarro County, Texas, filed May 30, 2011.**

This is a congressional redistricting case. The plaintiffs are Joe Barton, U.S. Representative for the Sixth Congressional District of Texas; Frank Steed, Chairman of the

Navarro County Republican Party; and Charles Washburn, a registered voter in Navarro County. The defendants are the State of Texas and Hope Andrade.

The plaintiffs allege that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan and that the existing congressional districts are malapportioned in violation of Article I sections 3, 3a, 19, and 29, and Article III section 26 of the Texas Constitution. They seek declaratory relief invalidating the existing congressional districts and an injunction creating a new congressional redistricting plan.

The defendants were served on June 3, 2011 and filed an answer and general denial on June 27, 2011.

5. ***Washburn v. Texas, et al.*, No. CV 110931, in the 397th District Court of Grayson County, Texas, filed May 30, 2011.**

This is a congressional redistricting case. The plaintiff is Mark Washburn, a registered voter in Grayson County. The defendants are the State of Texas and Hope Andrade.

The plaintiff alleges that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan and that the existing congressional districts are malapportioned in violation of Article I sections 3, 3a, 19, and 29, and Article III section 26 of the Texas Constitution. He seeks declaratory relief invalidating the existing congressional districts and an injunction creating a new congressional redistricting plan.

The defendants were served on June 15, 2011, and their answer is due on July 11, 2011.

6. ***Limon v. Perry, et al.*, No. D-1-GN-11-1611, in the 351st Judicial District Court of Travis County, Texas, filed May 30, 2011.**

This is a congressional redistricting case. The plaintiff is John "Canica" Limon, a registered voter in Austin, Texas. The defendants are the State of Texas, Rick Perry, David Dewhurst, Joe Straus, Hope Andrade, Boyd Richie, and Steve Munisteri.

The plaintiff alleges that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan and that the existing congressional districts are malapportioned in violation of Article I sections 3, 3a, 19, and 29, and Article III section 26 of the Texas Constitution.  He seeks declaratory relief invalidating the existing congressional districts and an injunction creating a new congressional redistricting plan.

The defendants have not been served.

7. ***Garcia, et al. v. Perry, et al.*, No. D-1-GN-11-1612, in the 351st Judicial District Court of Travis County, Texas, filed May 30, 2011.**

This is a congressional redistricting case.  The plaintiffs are Travis County, the City of Austin, and individual voters in Austin, El Paso, Humble, and San Antonio.  The defendants are the State of Texas, Rick Perry, David Dewhurst, Joe Straus, Hope Andrade, Boyd Richie, and Steve Munisteri.

The plaintiffs allege that the Texas Legislature adjourned its regular session without enacting a congressional redistricting plan and that the existing congressional districts are malapportioned in violation of Article I section 2 of the United States Constitution.  They seek declaratory relief invalidating the existing congressional districts and an injunction creating a new congressional redistricting plan.

The Secretary of State was served on June 3, 2011.  Governor Perry and Lieutenant Governor Dewhurst were served on June 6, 2011.  The defendants filed an answer and general denial on June 27, 2011.

Respectfully Submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General


  _/s/ David Schenck_____
DAVID SCHENCK
Deputy Attorney General for Legal Counsel
Texas Bar No. 17736870
david.schenck@oag.state.tx.us
MATTHEW H. FREDERICK
Special Counsel to the Attorney General
Texas Bar No. 24040931
matthew.frederick@oag.state.tx.us
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 936-1342
(512) 936-0545 (fax)

**ATTORNEYS FOR THE STATE OF TEXAS, RICK PERRY, DAVID DEWHURST, JOE STRAUS, AND HOPE ANDRADE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent *via* the court's electronic notification system on June 29, 2011, to:

Mike S. Hull
Hull Henricks LLP
221 West 6th Street, Suite 960
Austin, Texas 78701
*Attorney for Plaintiffs*

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
*Attorney for Intervenors*

Chad W. Dunn
K. Scott Brazil
Brazil & Dunn
4201 FM 1960 West, Suite 530
Houston, Texas 77068
*Attorneys for Defendant Boyd Richie*

Bradley E Visosky
U S Attorney's Office - Plano
101 E Park Blvd
Suite 500
Plano, TX 75074
*Attorneys for Gary Locke and Robert Groves*

Wendy Michelle Doty
US Department of Justice - Civil Division
20 Massachusetts Ave, NW
Washington, DC 20001
*Attorneys for Gary Locke and Robert Groves*

 */s/ David Schenck*
DAVID SCHENCK